■ In the Matter of JOSEPHINE M., a Person Alleged to be a Juvenile Delinquent, Appellant.—Order, Family Court, Bronx County, entered December 9, 1975, placing appellant with the New York State Division for Youth, Title III (State Training School), unanimously affirmed, without costs and without disbursements. The record clearly shows that numerous diligent efforts over a long period of time to place appellant with voluntary

agencies had been unavailing. Pursuant to subdivision (b) of section 746 of the Family Court Act, the court revealed the elements of the probation report that influenced it to adopt the probation officer's recommendation of placement in the training school. The court did not improvidently exercise its discretion in denying appellant's counsel access to the probation report itself and permission to cross-examine the probation officer. (See *Matter of Sylvia J.,* 47 AD2d 905.) Subdivision (b) of section 746 of the Family Court Act has not been superseded by CPL 390.50 (subd 2) which controls disclosure of the presentence report in criminal proceedings. To protect juveniles, the Family Court Act is designed to provide less formal and less adversarial proceedings. The Report of the Joint Legislative Committee on Court Reorganization (McKinney's Session Laws, 1962, p 3430), expressly disavowed any intention of adopting the "technical requirements" of the then existing Code of Criminal Procedure. Concur—Lupiano, J. P., Birns, Silverman, Lane and Nunez, JJ.